Ronald Lee WEAVER, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–14714.

Court of Criminal Appeals of Oklahoma.

Feb. 5, 1969.

Don Anderson, Public Defender, Oklahoma County, for plaintiff in error.

G. T. Blankenship, Atty. Gen., for defendant in error.

NIX, Judge.

Plaintiff in error, Ronald Lee Weaver, hereinafter referred to as the defendant, was charged with the crime of Robbery with Firearms in the District Court of Oklahoma County. He was tried by a jury,

**524**

found guilty, and his sentence assessed at ten years in the penitentiary. From the record filed herein, it appears that Kenneth Albert Smith was on January 10, 1965, the co-manager of a Humpty-Dumpty store at 30th and May Avenue in Oklahoma City, Oklahoma. About 7:30 p. m. on that date he was robbed by a man whom he identified as the defendant. Smith was in the store office when the man handed him a sack and demanded money. The man was armed with a blue revolver. After filling the sack, the man pulled the cord from the PA system and left. A little over $900.00 was taken, and Smith followed for a short distance, but returned to the store when he was threatened with being shot. Although the trial was held two years after the robbery, Smith was positive in his identification of defendant as the robber, even as to the details of dress. The defendant did not take the witness stand nor offer any evidence in his behalf.

Defendant urges appellate consideration of the evidence, and a consideration of the punishment assessed.

■ We have thoroughly reviewed the record, and agree with the quoted citation of Disheroon v. State, Okl.Cr., 357 P.2d 236, wherein this Court stated:

"In the trial of a criminal case, questions of fact involving the guilt or innocence of the accused are always for the jury, and when, on appeal, the record discloses facts which would have been sufficient either to warrant a verdict of acquittal or to support a verdict of guilty, the finding of the jury will not be disturbed. In such cases only errors of law will be reviewed."

In the instant case, there was no evidence as to the innocence of the defendant presented.

■ The other allegation raised as to the punishment imposed we find to be without merit.

The judgment and sentence is affirmed.

BRETT, P. J., and BUSSEY, J., concur.